```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/3/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONTEFIORE MEDICAL CENTER,
MONTEFIORE NEW ROCHELLE HOSPITAL,
MONTEFIORE MOUNT VERNON HOSPITAL,
MONTEFIORE NYACK HOSPITAL,
ST. LUKE'S CORNWALL HOSPITAL,
WINIFRED M. BURKE REHAB HOSPITAL, AND
WHITE PLAINS HOSPITAL MEDICAL CENTER,

          Plaintiffs,

-against-

AETNA HEALTH, INC., and AETNA HEALTH
INSURANCE COMPANY OF NEW YORK,

          Defendants.

1:21-cv-7838-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiffs commenced this action on August 17, 2021, in Supreme Court of the State of New York, County of Bronx, by filing a Summons with Notice. [ECF No. 1-2]. Defendants were served with the Summons with Notice on August 26, 2021. [ECF No. 1-1].

      On September 9, 2021, Defendants timely demanded that Plaintiffs file a formal complaint pursuant to CPLR § 3012(b). *See* N.Y. CPLR §§ 3012(b), 320(a). Pursuant to N.Y. CPLR § 3012(b), Plaintiffs had to serve Defendants with the Complaint "within twenty days after service of the demand," or September 29, 2021. N.Y. CPLR § 3012(b).

      In the interim Defendants removed this action to Federal Court on September 20, 2021. [ECF No. 1]. In its Notice of Removal, Defendants allege that the Court has jurisdiction under 29 U.S.C. § 1132(e)(1). Defendants claim that, although Plaintiffs allege violations of New York Insurance Law § 3224-a, Plaintiffs claims are preempted by Employee Retirement

Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, as amended ("ERISA"). *See Neurological Surgery, P.C. v. Siemens Corp.*, No. 17 Civ. 3477 (ADS) (AKT), 2017 WL 6397737, at *5–6 (E.D.N.Y. Dec. 12, 2017).

To date, Plaintiff has not filed a motion to remand, *see* 28 U.S.C. § 1447(c), nor has it filed a Complaint on the docket in compliance with N.Y. CPLR § 3012(b).

Although the Federal Rules of Civil Procedure apply to actions after removal, state law governs the sufficiency of service of process before removal. *PH Int'l Trading Corp. v. Nordstrom, Inc.*, No. 07-CV-10680, 2009 WL 859084, at *3 (S.D.N.Y. Mar. 31, 2009); *Mecca v. Lennon*, No. 16-CV-1414, 2017 WL 1410790, at *3 (E.D.N.Y. Apr. 18, 2017).

"[T]o avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate a reasonable excuse for the delay in serving the complaint and that [it] has a meritorious cause of action." *Planetarium Travel, Inc. v. Whitehouse Travel Co.*, No. 97 CIV. 2186 (LMM), 1998 WL 85796, at *2 (S.D.N.Y. Feb. 27, 1998) (quoting *Gibson v. Victory Mem'l Hosp.*, 221 A.D.2d 503, 503, 633 N.Y.S.2d 398, 399 (2d Dep't 1995)); see also *Mecca*, 2017 WL 1410790, at *3; *Carducci v. Russell*, 120 A.D.3d 1375, 1375-76, 993 N.Y.S.2d 119, 121 (2d Dep't 2014).

Plaintiffs are directed to serve the complaint on Defendants on or before November 17, 2021. If service has not been made on or before November 17, 2021, and if Plaintiffs fail to show cause, in writing, why service has not been made, the action will be dismissed for failure to prosecute pursuant to N.Y. CPLR § 3012(b).

**SO ORDERED.**

Date:  **November 3, 2021**  
       **New York, NY**

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**